HARRIS, Judge.
This was an Anders appeal in which the court requested additional briefing as to whether Brandon T. Duffie’s right to counsel was denied. We conclude that it was and reverse.
Duffie was charged by information with robbery. At first appearance, the public defender was appointed to represent him. However, Duffie appeared at arraignment without counsel and pled nolo contendere. At sentencing, Duffie again appeared without counsel. He was sentenced to fifty-one weeks’ incarceration followed by two years’ community control.[1]
The transcripts of the arraignment and sentencing show that the trial court did not conduct a meaningful Faretta inquiry.[2]
Duffie never asked the trial court to discharge the public defender and allow him to proceed pro se. He merely showed up at arraignment and sentencing without counsel. There is no explanation in the record as to why appointed counsel did not appear.
Neither at arraignment nor sentencing did the court ever ask Duffie about his previously appointed counsel. The fact that counsel had been appointed at first appearance indicates that some initial determination was made that Duffie was entitled to and desired appointed counsel. Moreover, after sentencing counsel was appointed for purposes of appeal, Duffie filed a notice of appeal claiming as error the fact that the trial court accepted a plea and imposed sentence without counsel’s presence. The record also contains a pro se motion to mitigate filed after sentence in which Duffie claimed he pled nolo without counsel and without understanding the charge.
Although Duffie did not formally file a motion to withdraw his plea prior to sentencing, given that he was unrepresented he probably did not realize that he could file such a motion. Furthermore, this issue goes beyond a determination of whether Duffie’s plea was voluntarily entered. This case presents the broader issue of whether a defendant’s judgment and sentence are valid or should be set aside due to *850 a violation of his sixth amendment right to counsel.
REVERSED and REMANDED.
COBB, J., concurs.
GRIFFIN, J., concurs specially, with opinion.

. We find this was also error. Riley v. State, 589 So.2d 412 (Fla. 5th DCA 1991).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).